IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

THE DEMOCRATIC PARTY OF )
VIRGINIA, )
                        )
         Plaintiff,     )
                        )
v.                      )   Civil Action No. 1:13-cv-1218
                        )
VIRGINIA STATE BOARD OF )
ELECTIONS, et al.,      )
                        )
         Defendants.    )

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's Motion for a Preliminary Injunction.

In 2012, Virginia joined the Interstate Voter Crosscheck Program, whereby Virginia agreed to share voter registration lists with other states in order to identify individuals who are registered to vote in more than one state and remove them from voter registration lists. The Virginia State Board of Elections ("SBE") identified approximately 57,000 registered voters for potential removal from voter registration lists. Implementation of this program at the local level began on August 23, 2013, when the SBE provided city and county registrars with lists of the voters in their localities who were registered in another

state and instructed them to review the records and remove any unqualified voters from the voting lists.

Plaintiff contends that this removal system contains a significant number of errors and treats voters arbitrarily and disparately in violation of the Equal Protection Clause and Due Process Clause. Plaintiff alleges that there is no consistent set of standards on which removal decisions are based, so that whether a voter is subject to potential removal before the upcoming election depends on the county or city in which that voter lives. Plaintiff alleges further disparate treatment in the system for addressing voters who have been wrongfully removed and seek to have their voting eligibility restored, in that some registrars require these individuals to re-register, others automatically restore registration, and others require a submission of provisional ballots. Plaintiff claims that if an injunction does not issue, potentially hundreds of lawfully registered voters in Virginia will be denied their right to vote. On these grounds, Plaintiff seeks a preliminary injunction to prohibit the SBE from removing any additional voters prior to the November 5, 2013 election and requiring that the SBE restore the voting eligibility of all citizens who have been removed from the voting rolls under the Interstate Crosscheck Program.

In determining whether a preliminary injunction should be granted, the court must consider four factors: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff in the absence of preliminary relief; (3) the balance of equities; and (4) whether an injunction is in the public interest. Winter v. NRDC, Inc., 555 U.S. 7, 20, 22, 24 (2008); Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 345 (4th Cir. 2009); Perry v. Judd, 840 F.Supp.2d 945 (E.D. Va. 2012). The burden of establishing that these four factors support granting the preliminary injunction is on the plaintiff. Direx Israel, Ltd. V. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991).

After considering the pleadings, affidavits, and hearing argument, the court finds that Plaintiff has not shown a likelihood of success on the merits. Plaintiff has failed to show a violation of the Equal Protection Clause or the Due Process Clause. There exists a valid state interest in preventing voter fraud, and "[i]t is well established that purge statutes are a legitimate means by which the State can attempt to prevent voter fraud." Ortiz v. City of Philadelphia Office of the City Comm'rs Voter Registration Division, 28 F.3d 306, 314 (3d Cir. 1994); see also Hoffman v. Maryland, 928 F.2d 646, 649

(1991) ("keeping accurate, reliable, and up-to-date voter registration lists is an important state interest.").

Plaintiff has not presented evidence of any individual who has been deprived of their right to vote. Those individuals who are registered in another state and have thus been correctly removed from the Virginia voter rolls have suffered no harm. An individual does not have the right to vote in a state where he or she does not reside. Moreover, the standards by which the local registrars review the Interstate Crosscheck Program lists are sufficient insofar as they are set forth in Va. Code § 24.2-427(B)(iv) and enable the registrars to keep voter registration lists with accurate data distinguishing Virginia residents from non-Virginia residents. Unlike the "intent of the voter" standard rejected as insufficient in Bush v. Gore, 531 U.S. 98 (2000), the standards provided to local registrars by the Virginia State Board of Elections are both reasonable and sufficient. Plaintiff has not provided evidence of a violation of the Equal Protection Clause or the Due Process Clause and has failed to establish a likelihood of success on the merits.

Second, Plaintiff has not established that it is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff has not provided evidence of any qualified voters who have been deprived of their right to vote. If a voter is removed

from the voter rolls in error, there are several mechanisms in place to protect that voter's rights, including provisional ballots and registration reinstatement. Indeed, the few instances wherein an individual was removed from the voting rolls erroneously have been corrected.

Further, the balance of equities weighs against granting an injunction. Plaintiff has not presented any evidence that the Interstate Crosscheck Program is disenfranchising any lawfully registered Virginia voters. On the other hand, the Commonwealth has a compelling interest in preventing voter fraud and maintaining accurate voter registration rolls. Allowing ineligible voters to cast a vote in Virginia when they are at the same time registered to vote in another state would cut against this valid interest in maintaining accurate voter registration rolls.

Lastly, granting a preliminary injunction is not in the public interest. The Commonwealth has a valid interest in ensuring that individuals who are registered to vote in Virginia are not also registered to vote in another state. Protecting the right of lawfully registered Virginia citizens to vote requires preventing individuals who are not Virginia citizens from voting, as "the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as

effectively as by wholly prohibiting the free exercise of the franchise." Purcell v. Gonzalez, 549 U.S. 1, 4 (2006) (citing Reynolds v. Sims, 377 U.S. 533, 555 (1964)). Granting the injunction would frustrate the Commonwealth's efforts to maintain accurate voting registration lists, which is against the public interest.

For the foregoing reasons, Plaintiff's Motion for a Preliminary Injunction should be denied. An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
October 21, 2013